|     |     |
| --- | --- |
| Abiodun Henri Lagoye, | ) |
| Petitioner, | ) |
| v. | ) |
|  | ) No. CR 91-0654-DLJ |
| Alberto Gonzalez, | ) |
| Respondent. | ) **ORDER** |

In April of 1992, Abiodun Henri Lagoye (Lagoye), a resident alien, pled guilty to a single count of conspiracy to smuggle heroin into the United States. In 1993 he was sentenced to 97 months in the custody of the Bureau of Prisons and five years of supervised release. In 1994 Lagoye filed a motion under 28 U.S.C. § 2255. Most of the claims from this motion were dismissed summarily with prejudice. The remainder included claims (1) that he was ineffectively assisted by his defense counsel, (2) that the government had failed to disclose exculpatory evidence in violation of <u>Brady v. Mayland</u>, 373 U.S. 83 (1963), and (3) that the Court failed to comply with Federal Rule of Criminal Procedure 11 when Lagoye pled guilty. In 1996, after extensive briefing by both parties and consideration by the Court of the merits of these claims, the Court denied Lagoye's § 2255 motion. On December 22, 2005, after he had completed his incarceration and his supervised release, the Department of Homeland Security ordered Lagoye removed from the country. In 2006 he was deported. On August 3, 2007, Lagoye filed this motion requesting a writ of error coram nobis, seeking to have his sentence modified or vacated so that he may be

allowed to re-enter the country.  Having considered the papers submitted and the applicable law, the Court DISMISSES Lagoye's writ of error coram nobis.

**I.  BACKGROUND**

Lagoye has filed a motion for "Writ of Error Coram Nobis," challenging his 1992 drug trafficking conviction.  In February 1993 Lagoye was sentenced to 97 months imprisonment and five years supervised release following his plea of guilty to a charge of of conspiracy to import heroin into the United States.  Lagoye did not appeal and his conviction and sentence became final.  In April 1994, while serving his prison term, Lagoye filed a collateral attack as to his case pursuant to 18 U.S.C. § 2255.  Some of his claims were dismissed on the pleadings.  Some were heard by the Court after the government had been ordered to respond.  As to the remaining claims a partial dismissal was ordered in December 1995, and a final order dismissing all the claims was issued on June 25, 1996.  Thereafter, Lagoye filed a motion to reconsider which was denied by the District Court.  That denial of reconsideration was appealed by Lagoy, and it was affirmed by the Ninth Circuit on August 25, 1997.  At the time the Ninth Circuit pointed out that the merits regarding the § 2255 motion were not before the Court.  Thereafter Lagoye did not appeal as to the merits of the § 2255 decisions made by the District Court.

Lagoye finished service of his prison term in May 1998 and service of his supervised release term in November 2003. Lagoye states that on November 28, 2005, when he attempted to re-enter the United States after a short visit home, he was found by immigration authorities to be inadmissible to re-enter the U.S. because of his felony drug conviction. The Department of Homeland Security thereafter initiated removal proceedings and on December 22, 2005, he was ordered removed from the U.S. and was deported.

Lagoye filed his Coram Nobis Petition on August 3, 2007. He seeks to have his 1992 conviction vacated because of:

1. Ineffective assistance of counsel;
2. Failure to disclose exculpatory evidence;
3. Lack of factual basis for Court to accept plea;
4. Involuntary guilty plea;
5. Error in enhancing his sentence which exposed him to collateral consequences.

## II. DISCUSSION

A writ of error coram nobis is a judicially created remedy that allows a convicted party who, like Lagoye, has served his full sentence to challenge his conviction in order to obtain relief from the collateral consequences of the conviction. See Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir. 1994). A writ of error coram nobis is viewed as a remedy of last resort, and is available

only where "errors of the most fundamental character rendered the proceeding itself irregular and invalid." See <u>United States v. Mayer</u> 235 U.S. 55, 69 (1914); <u>United States v. Morgan</u>, 346 U.S. 502, 511 (1954).

To qualify for coram nobis relief, four requirements must be satisfied: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case and controversy requirements of Article III; and (4) the error is of the most fundamental character. <u>United States v. Kwan</u>, 407 F.3d 1005, 1011 (9th Cir. 2005).

The requirement that a more usual remedy is not available is met if the more usual remedy is not available at the time of filing the petition; that the more usual remedy may once have been available, for instance when petitioner was in custody, is irrelevant. <u>Id</u> at 1012. As to the second factor, lack of a sound reason for delay exists when no reason whatsoever is given for the delay, when the respondent has suffered prejudice, or when the petitioner appears to be abusing the writ. <u>Id</u>. As to the third factor, deportation has been considered to be an "adverse consequence" sufficient to support coram nobis. <u>Id</u> at 1014. In some circumstances ineffective assistance of counsel suffices to satisfy the fourth factor, that there has been a "fundamental error." <u>Id</u> at 1014-15.

Before reaching the merits of a coram nobis petition, a court must decide whether it is properly before the court. A writ of error coram nobis cannot be used to relitigate issues already reviewed at prior post-conviction proceedings. See Polizzi v. United States, 550 F.2d 1133, 1135-1137 (9th Cir. 1976) ("Although principles of res judicata do not bar a prisoner from relitigating coram nobis issues raised in the original appeal, a district court may refuse to entertain a repetitive petition previously determined on the merits."); Willis v. United States, 654 F.2d 23, 24 (8th Cir. 1981) ("[C]oram nobis may not be used to relitigate matters raised in a § 2255 motion").

In the course of the § 2255 proceedings Lagoye has already litigated his first four Coram Nobis claims. The Court dismissed Lagoye's Sixth Amendment claim, claim 1, in its order of June 26, 1995. The Court dismissed claim 2, Lagoye's Brady claim, in its order of June 25, 1996. The Court dismissed Lagoye's claim 4, that his plea was involuntary in violation of Rule 11, in its order of June 26, 1995. The Court also dismissed Lagoye's claim 3, that the Court had no factual basis for Lagoye's plea under Rule 11(f), in that same order. Lagoye has not identified any newly discovered factual evidence or any change of law related to those claims. The Court will not reconsider these issues upon which it has already ruled. See Polizzi, 550 F.2d at 1135-37.

Lagoye's remaining Coram Nobis claim was not previously

litigated. In his papers, Lagoye states that he raised this claim in the previous § 2255 proceedings, but the record does not suuport this contention and there was no discussion of such a claim in any of the previous orders of the Court. However, when the claim is now considered on its merits it cannot be sustained.

Lagoye contends that his criminal history was not properly calculated. He argues that his criminal history rating should have been I, not II. As a result, he further argues, he should have been sentenced to only 78 months and if that would have been the sentence, he would have been released on December 20, 1996, after serving only 42 months. Lagoye does not state a specific foundation for these calculations, but for the moment the Court will give him the benefit of the doubt. Lagoye goes on to claim that a sentence of only 42 months would have made him eligible for readmission to the United States under 8 U.S.C. section 1182(c) as this section provides relief to persons who have served less than 5 years imprisonment for an aggravated felony offence.

On September 30, 1996, the 104th Congress enacted Public Law 308 (P.L. 104-308), omnibus legislation that included amendments to the Antiterrorism and Effective Death Penalty Act (AEDPA), Public Law No. 104-135, passed on April 24, 1996. Subsection (b) of section 304 of P.L. 104-308 repealed 8 U.S.C. § 1182(c). The effective date for subsection (c)'s repeal was April 1, 1997. See Act of Sept. 30, 1996, Pub. L. No. 104-308, § 309, 110 Stat. 3009

(2006). The current law applies to Lagoye's case, and under that law 8 U.S.C. 1182(c) has been repealed. Cf Galvan v. Press, 347 U.S. 522, 531 (1954)(holding that the ex post facto clause does not apply to deportation). Even if Lagoye had served fewer than five years in prison, the statute no longer exists under which he would be able to gain the relief he seeks. Under current law the collateral effect of his sentence would be the same were the court to alter his sentence at this date. This claim is therefore moot.

Even if the statute that existed when he was sentenced were applied to his case, Lagoye would be ineligible for the relief he seeks. See 8 U.S.C. § 1182(c) (1995). Aliens were eligible for reentry, under that now repealed statute, only if they had served less than five years in prison. Id. Lagoye was released from prison on November 20, 1998. His judgment and commitment had been entered on June 17, 1993. That is more than five years prison time, without considering any credit for time served based upon any pretrial incarceration. This Court is incapable of undoing the time Lagoye spent in prison. Having served at least five years in prison, Lagoye could not gain relief from § 1182(c) even if it had not been repealed. Again, this claim is moot.

Finally, Lagoye states that the reason he did not file a successive § 2255 motion that included this claim is because it would have been denied automatically. He goes on to cite Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001), apparently for the rule

that a certification to file a successive section 2255 motion will not be granted where the petitioner seeks to relitigate claims brought in the first petition. See id. This appears to be exactly the abuse of the coram nobis writ warned of in Kwan. See Kwan, 407 F.3d at 1013. An attempt to circumventing AEDPA's stringent standards for filing a successive § 2255 petition is not a sound reason for not raising a Coram Nobis claim earlier. See Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir.), cert. denied, 537 U.S. 1022 (2002). Without a sound reason for petitioner's delay, the court cannot proceed to the merits of his claim. See Kwan, 407 F.3d at 1013.

### III. Conclusion

For the foregoing reasons, Lagoye's motion for a Writ of Error Coram Nobis is DISMISSED.

IT IS SO ORDERED.

Dated: March 18, 2008

_____

D. Lowell Jensen
United States District Judge